IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL MILLARD,

    Plaintiff,

v.                                                                                   Civ. No. 25-468 GBW

UNITED STATES DEPARTMENT
OF TRANSPORTATION and
SEAN DUFFY,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"). *Doc. 1*. Plaintiff, proceeding *pro se*, alleges that "roadside inspections to administer English test for compliance with 49 C.F.R. [§] 391.11(b)(2) are a violation of my 5th Amendment." *Id.* at 3. That regulation states:

> [A] person is qualified to drive a motor vehicle if he/she . . . Can read and speak the English language sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, to respond to official inquires, and to make entries on reports and records

49 C.F.R. § 391.11(b). Plaintiff contends that the regulation requiring drivers to read and speak English violates 49 U.S.C. § 521(b)(5)(A) and (B) because the inability to read and speak English does not pose an imminent hazard. *See doc. 1* at 1-4; 49 U.S.C. § 521(b)(5)(A) ("If . . . the Secretary determines that a violation . . . poses an

imminent hazard to safety, the Secretary shall order a vehicle or employee operating such vehicle out of service"); 49 U.S.C. § 521(b)(5)(B) ("'imminent hazard' means any condition of vehicle, employee or commercial motor vehicle operations which substantially increases the likelihood of serious injury or death if not discontinued immediately"). Plaintiff seeks to "have 49 C.F.R. § [391.11(b)(2)] removed from the [out-of-service] criteria." *Doc. 1* at 5.

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted); *see also Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction") (quoting *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)); *Evitt v. Durland*, 242 F.3d 388, at *2 (10th Cir. 2000) ("even '[i]f the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte'") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

It appears this Court does not have jurisdiction to consider the merits of Plaintiff's claims. "The court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all rules, regulations or final orders of . . . the Secretary of Transportation issued pursuant to . . . subchapter III of chapter 311 [49 U.S.C. § 31131 *et seq.*]." 28 U.S.C. § 2342. That subchapter, 49 U.S.C. § 31131 *et seq.*, governs the Secretary's responsibility to determine whether owner/operators are fit to safely operate motor vehicles. 49 U.S.C. § 31144(a) ("the Secretary of Transportation shall . . . determine whether an owner or operator is fit to operate safely commercial motor vehicles"); 49 U.S.C. § 31136(a) ("the Secretary of Transportation shall prescribe regulations on commercial motor vehicle safety"). Exclusive jurisdiction to determine the validity of 49 C.F.R. § 391.11(b)(2), which requires sufficiency in reading and speaking English, is vested in the United States Courts of Appeals.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him

or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Plaintiff attached 88 pages of exhibits to his Complaint. Plaintiff may only file those pages of an exhibit which are to be brought to the Court's attention and Plaintiff must mark the portions of an exhibit Plaintiff wishes to bring to the Court's attention.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.") (Citation omitted). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later

4

advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

IT IS THEREFORE ORDERED that, **within 21 days of entry of this Order,** Plaintiff shall: (i) show cause as to why the Court should not dismiss this case for lack of jurisdiction; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE