IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL D. MILLARD,

    Plaintiff,

v.     No. 1:25-cv-00468-KG-GBW

SEAN DUFFY,
United States Secretary of Transportation,

    Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff alleged that "roadside inspections to administer English test for compliance with 49 C.F.R. § 391.11(b)(2) are a violation of my 5th Amendment." [sic] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 3, Doc. 1, filed May 19, 2025 ("Complaint"). That regulation states:

> [A] person is qualified to drive a motor vehicle if he/she . . . Can read and speak the English language sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, to respond to official inquires, and to make entries on reports and records.

49 C.F.R. § 391.11(b)(2). Plaintiff contended that the regulation requiring drivers to read and speak English violates 49 U.S.C. § 521(b)(5)(A) and (B) because the inability to read and speak English does not pose an imminent hazard. *See* Complaint at 1-4; 49 U.S.C. § 521(b)(5)(A) ("If . . . the Secretary determines that a violation . . . poses an imminent hazard to safety, the Secretary shall order a vehicle or employee operating such vehicle out of service"); 49 U.S.C. § 521(b)(5)(B) ("'imminent hazard' means any condition of vehicle, employee or commercial motor vehicle operations which substantially increases the likelihood of serious

injury or death if not discontinued immediately"). Plaintiff seeks to "have 49 C.F.R. § 391.11(b)(2) removed from the [out-of-service] criteria." Complaint at 5.

Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff:

> "The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).
>
> It appears this Court does not have jurisdiction to consider the merits of Plaintiff's claims. "The court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all rules, regulations or final orders of . . . the Secretary of Transportation issued pursuant to . . . subchapter III of chapter 311 [49 U.S.C. § 31131 *et seq.*]." 28 U.S.C. § 2342(3)(A). That subchapter, 49 U.S.C. § 31131 *et seq.*, governs the Secretary's responsibility to determine whether owner/operators are "fit to safely operate motor vehicles." 49 U.S.C. § 31144(a) ("the Secretary of Transportation shall . . . determine whether an owner or operator is fit to operate safely commercial motor vehicles"); 49 U.S.C. § 31136(a) ("the Secretary of Transportation shall prescribe regulations on commercial motor vehicle safety"). Exclusive jurisdiction to determine the validity of 49 C.F.R. § 391.11(b)(2), which requires sufficiency in reading and speaking English, is vested in the United States Courts of Appeals.

Order to Show Cause at 2-3, Doc. 5, filed May 22, 2025. Judge Wormuth ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint.

Plaintiff timely filed an Amended Complaint and a Response to the Order to Show Cause. *See* Amended Complaint, Doc. 6, filed May 23, 2025; Response, Doc. 7, filed May 23, 2025. Plaintiff's two-page Response repeats his argument that the regulation is invalid and contends

that the Administrative Procedures Act requires Court to decide whether an agency has acted within its statutory authority and that Courts may not defer to an agency interpretation of the law. Plaintiff's Response does not address the issue of the Courts of Appeal having exclusive jurisdiction to determine the validity of Dept. of Transportation regulations. *See* Response at 1-2. Plaintiff's Amended Complaint alleges the regulation requiring an English language test during roadside inspections, which Plaintiff states will be enforced beginning June 25, 2025, will violate a driver's Fourth and Fifth Amendment rights. *See* Amended Complaint at 4-5. The only relief Plaintiff seeks in his Amended Complaint is that 49 C.F.R. § 391.11(b)(2) "be removed" and that the "DOT remove the [out-of-service] Criteria from 49 CFR Part § 385.4." Amended Complaint at 6. The Amended Complaint does not contain sufficient allegations showing that the United States Courts of Appeals do not have exclusive jurisdiction to determine the validity of regulations issued by the Secretary of Transportation.

The Court concludes it does not have jurisdiction over this case because neither Plaintiff's Response nor the Amended Complaint show that this Court has jurisdiction to determine the validity of regulations issued by the Secretary of Transportation. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because

the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.